CHAPIN FITZGERALD LLP
    Kenneth M. Fitzgerald, Esq. (SBN: 142505)
    kfitzgerald@cftriallawyers.com
    Curtis G. Carll, Esq. (SBN: 248470)
    ccarll@cftriallawyers.com
550 West "C" Street, Suite 2000
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorneys for Plaintiff
Sophia & Chloe, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Sophia & Chloe, Inc.**, a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>**Brighton Collectibles, Inc.**, a California corporation,<br><br>        Defendant. | Case No.:<br><br>**Complaint for:** '12CV2472 AJB KSC<br><br>1. **Copyright Infringement**<br>2. **Trade Dress Infringement under 15 U.S.C. §§ 1125(a)**<br>3. **Unfair Competition Under California Common Law**<br>4. **Unfair Competition Under Cal. Business & Professions Code §§ 17200 et seq. & 17500 et seq.**<br><br>**Jury Trial Demanded** |

Plaintiff Sophia & Chloe, Inc. for its Complaint against Defendant Brighton Collectibles, Inc. alleges as follows:

## Parties

1. Plaintiff Sophia & Chloe, Inc. ("Sophia & Chloe" or "plaintiff") is a corporation, organized and existing under the laws of the State of California, with its principal place of business in San Diego, California. Sophia & Chloe is a high-end jewelry designer, created and operated by Nathalie Sherman.

2. Defendant Brighton Collectibles, Inc. ("Brighton" or "defendant") is a corporation, organized and existing under the laws of the State of California, with its principal place of business in the City of Industry, California. Brighton is the designer and manufacturer of women's fashion accessories, including jewelry.

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction over plaintiff's claims under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338, in that plaintiff's first claim for relief arises under the Copyright Act, 17 U.S.C. §§ 501 et seq., a law of the United States, and plaintiff's second claim for relief arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq. Claims three and four are substantially related claims arising from the same set of operative facts as the federal claims, thereby giving this Court supplemental jurisdiction over these California claims under 28 U.S.C. §§ 1338(d) and 1367(a).

4. This Court has personal jurisdiction over defendant because defendant conducts business nationally and has sold a substantial number of its products in this judicial district.

5. Venue in the Southern District of California is proper under 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; defendant conducts substantial business in this district; and defendant is subject to personal jurisdiction in this district. Brighton has stand-alone stores in the San Diego area where it sells Brighton goods, as well as independent stores to which Brighton wholesales its products. In addition plaintiff is

informed and believes, and thereon alleges, that Brighton owns and operates interactive websites on which customers in the Southern District of California can view and directly purchase its products.

**Facts**

**Sophia & Chloe is the Designer of High-end, Innovative Jewelry.**

6. Sophia & Chloe designs, distributes, and sells original and distinctive jewelry and accessories for women. The company was created by Nathalie Sherman, who was born in Marrakesh, Morocco. She started designing jewelry in 1996, after the birth of her daughter Sophia. In 1999, when her second daughter was born, she re-named her line of designs, originally eponymous, "Sophia & Chloe."

7. Completely self-taught, Ms. Sherman turned her passion and talent for design into a thriving business. Her work has evolved from dainty, fashion-oriented collections to bolder, more complex and evocative jewelry designs. Unchanged are her uncompromising quality standards and the decidedly feminine and exotic aesthetic she brings to each design. After sixteen years of investing her time, skills, and resources into her jewelry designs, it is easy to spot her distinctive hand in each piece.

8. Ms. Sherman's Sophia & Chloe designs are heavily influenced by her heritage and home. Byzantine, Moroccan motifs are evident in her work, as is the casual easy feel of her beloved coastal San Diego where she lives with her family.

**Sophia & Chloe Creates and Copyrights Unique Designs.**

9. Sophia & Chloe creates, distributes, and sells unique and original collections of jewelry, including collections called Kiss, Buddha's Kiss, and French Kiss (together, "the Kiss collections"), all of which are copyrighted. The copyright registrations of these designs, with accompanying artwork, are attached and incorporated into the complaint at Exhibit A.

10. Sophia & Chloe's entire casted division is based on Ms. Sherman's intention to create a substantial body of symbolic designs. With this goal in mind, Ms. Sherman became interested in studying symbols, particularly ones that are culturally evocative and

aesthetically pleasing, and which would allow her to embed symbolism in each of her pieces.

11. Ms. Sherman turned to her own Moroccan heritage in this endeavor. Moroccan Henna tattoos, often applied at ceremonial events such as weddings and other celebrations, were of particular interest to her. In searching for the meaning of different arabesques incorporated within tattoos, she found this shape, a bracket— { — referred to as a "kiss" by henna tattoo artists. Ms. Sherman saw that the shape is also a "brace," which means essentially "to belong together." This symbolic arabesque shape is the basis of her original and independently created Kiss collections, examples of which are pictured below:



12. Every one of Sophia & Chloe's casted pieces includes a symbol artfully embedded within it. These symbolic collections, and most notably the Kiss collection, are what Sophia & Chloe, Inc. is most closely associated with by its clients and collectors. Plaintiff's Kiss designs are included in each of Sophia & Chloe's best-selling

and most important collections: "Signs of a Good Life," "Oh So Charming," and "Language of Bangles" (*see* Exhibit F). Sophia & Chloe's website includes no less than 55 separate and distinct offerings from its Kiss collection. Sophia & Chloe, particularly with its Kiss collections, has featured a distinctive trade dress which includes the bracket (or "kiss") shape, connected at a specific angular orientation; pieces of specific size and scale; dangling stones or crystals; embedded and secret symbolic elements; smaller Kiss designs surrounded by larger ones; and feminine accents.

13. Consumers have come to associate this trade dress with Sophia & Chloe. Sophia & Chloe's website features the bracket or "kiss" design across the top of its page (*see* Exhibit E). The Kiss collections are featured prominently and significantly in Sophia & Chloe's social media presence: its Pinterest page features the French Kiss necklace as its avatar (*see* Exhibit E); its Twitter page features the Kiss design as its background wallpaper and the Kiss collections are frequent subjects of Twitter updates; and the Kiss collection is featured regularly and prominently on Sophia & Chloe's Facebook fan page. Sophia & Chloe's Kiss line has also been featured prominently in local and national magazines and television from 2007 to 2012.

14. Sophia & Chloe has publicly advertised this line of jewelry since Spring 2007, with its first sale in May 2007. On its publically facing website, Sophia & Chloe describes the French Kiss as "inspired by the language of Moroccan Henna tattoos in which each tiny arabesque has a distinct meaning. This romantic design repeats the Henna symbol for the word 'Kiss.'" The Buddha's Kiss is described as "based on the language of Moroccan henna tattoos. This romantic design repeats the henna symbol for the word 'Kiss' into a Buddha shape."

15. Sophia & Chloe is the exclusive owner (having received an assignment of copyright from Ms. Sherman) of the following jewelry designs (collectively "the Copyrighted Designs"), which have been registered with the Copyright Office as original works as reflected in Exhibit A:

|   |   |   |
|---|---|---|
| 1 | a. | Kiss Earrings with Mermaid Quartz, VA 1-700-833, February 22, 2010; |
| 2 | b. | Kiss Earrings with Rose Quartz, VA 1-703-158, February 22, 2010; |
| 3 | c. | Kiss Necklace with Mermaid Quartz, VA 1-703-177, February 22, 2010; |
| 4 | d. | Kiss Earrings with Garnet, VA 1-703-183, February 23, 2010; |
| 5 | e. | Kiss Earrings, VA 1-700-838, February 23, 2010; |
| 6 | f. | Kiss Necklace, VA 1-700-840, February 23, 2010; |
| 7 | g. | Small Kiss Earrings, VA 1-703-185, February 23, 2010; |
| 8 | h. | Small Kiss Necklace, VA 1-703-191, February 23, 2010; |
| 9 | i. | Small Kiss Earrings, VA 1-703-200, February 23, 2010; |
| 10 | j. | Kiss Necklace in Citrine, VA 1-703-188, February 23, 2010; |
| 11 | k. | Kiss Bangle Bracelet, VA 1-703-189, February 23, 2010; |
| 12 | l. | Buddha's Kiss, VAu 1-048-713, March 18, 2010; |
| 13 | m. | Buddha's Kiss, VAu 1-068-177, March 18, 2010. |

16. Each of the copyright registrations listed in Exhibit A and in ¶ 15 are valid and subsisting, and are incorporated into Sophia & Chloe's Kiss collections.

17. Each piece of jewelry embodying the Copyrighted Designs has carried the copyright notice "Sophia & Chloe ©" stamped into the backside of the piece since its first publication. The website that hosts the jewelry has the copyright symbol. The line sheet / catalogue and all marketing materials also include copyright notices.

**Brighton Infringes on Sophia & Chloe's Copyrighted Designs and Trade Dress.**

18. Sophia & Chloe is informed and believes, and thereon alleges, that Brighton, having recognized the consumer awareness and goodwill associated with Sophia & Chloe's Copyrighted Designs, set about to unlawfully and intentionally usurp that goodwill for itself. In furtherance of this unlawful scheme to knock off Sophia & Chloe's designs, Brighton manufactured, advertised and sold, without the permission of plaintiff, copies of Sophia & Chloe jewelry that use Sophia & Chloe's Copyrighted Designs. Brighton's knock-offs are pictured below:

 

 

 

19. Brighton describes this line of jewelry designs as its "Toledo" collection. The Toledo collection includes two necklaces; two earrings (Post Drop and Statement), and two bracelets (Narrow Bangle and Bangle) (*see* Exhibit B). The Bangle is a derivative work, which infringes the plaintiff's copyrights, and the remaining five Brighton pieces directly infringe those copyrights. Together, these six jewelry designs in the Toledo collection comprise the Brighton products that infringe on plaintiff's Copyrighted Designs and are hereafter referred to as the Infringing Products.

20. Brighton—like a student changing a few words in a plagiarized article, then submitting it as original work based on those changes—made minor tweaks to Sophia

& Chloe's Copyrighted Designs before offering them to the public. These tweaks (rounding off the horizontal sides on a French Kiss-knockoff pendant, for instance) reveal Brighton's shallow effort to mask its copying of the Copyrighted Designs in Sophia & Chloe's Kiss collection.

21. Exhibit C displays Brighton's Infringing Products next to products in Sophia & Chloe's Kiss collection that incorporate the Copyrighted Designs. Examining the products individually, it is clear that Brighton intentionally copied the individual Copyrighted Designs. And examining the Kiss collection and Toledo collection as a whole, it is also clear that Brighton copied the essence of the entire collection: using identical sets of pieces (i.e., necklaces, earrings, and bangles) and even going as far as to describe the collection as "arabesque."

22. Brighton began advertising its Infringing Products to its wholesale customers in or about June 2012. Sophia & Chloe notified Brighton that it was infringing Sophia & Chloe's Copyrighted Designs and demanded that Brighton cease and desist advertising and sale of its Infringing Products before Brighton released those products for retail sale. Brighton refused this demand, in willful disregard of Sophia & Chloe's intellectual property rights.

23. On August 23, 2012, Brighton advertised this collection on its corporate Facebook page, describing the pieces in remarkably similar language to that used by Sophia & Chloe: "[W]e added more arabesque flourishes to our new Toledo pieces" (*see* Exhibit D). On its publicly facing retail website, Brighton similarly describes its collection: "Beautiful Moorish inspiration plays out in this collection featuring arabesque shapes" (*see* Exhibit D). On September 14, 2012, Brighton advertised its Toledo Collection as part of its "Fall Jewelry: In Stores Now" on the front page of its retail website (*see* Exhibit D).

24. Sophia & Chloe is informed and believes, and thereon alleges, that Brighton designed, manufactured, marketed and/or sold the Infringing Products with the intent to infringe upon Sophia & Chloe's Copyrighted Designs.

25. Brighton reviewed Sophia & Chloe marketing materials for the Copyrighted Designs incorporated in the Kiss collections, before Brighton designed and/or manufactured the Infringing Products.

26. Specifically, the e-mail address for Brighton's founder, owner and President Jerry Kohl—jkohl@brighton.com—joined Sophia & Chloe's mailing list on November 24, 2009. Individuals on this mailing list receive updates via e-mail on Sophia & Chloe's on new products, special sales, and events. Sophia & Chloe advertised its Kiss collection and Copyrighted Designs through this mailing list, and Kohl started accessing these advertisements on November 25, 2009, including an advertisement of the Kiss design. Sophia & Chloe continued to send out e-mails to individuals registered with its mailing list advertising and promoting its Kiss collection throughout 2009, 2010, 2011, and 2012. Between April 25, 2012 and October 5, 2012, Kohl opened twelve of the fifteen e-mails sent by Sophia & Chloe a total of 174 times, including e-mails that featured products in the Kiss collections.

27. Sophia & Chloe is also informed and believes, and thereon alleges, that Brighton executives and/or employees viewed the Copyrighted Designs incorporated in the Kiss collections at retail outlets before designing and/or manufacturing the Infringing Products.

28. Brighton's Infringing Products are inferior in quality to Sophia & Chloe's products. As a result, Brighton's marketing, sale, and distribution of its Infringing Products have damaged and will continue to damage Sophia & Chloe's reputation and goodwill.

29. Sophia & Chloe informed Brighton that its Infringing Products infringed on Sophia & Chloe's Copyrighted Designs in July 2012, and demanded that Brighton cease all sales and marketing of the infringing products. Brighton refused to do so, thereby necessitating this action.

30. Brighton's acts have caused and will continue to cause irreparable harm and injury to Sophia & Chloe for which it has no adequate remedy at law.

# First Claim for Relief
# (Copyright Infringement)

31. Plaintiff hereby incorporates paragraphs 1 through 30 above, each as though fully set forth herein.

32. Plaintiff has a valid right, title, and interest in the Copyrighted Designs, which each constitute copyrighted and protected artistic expression fixed in a tangible medium. Such copyrights confer upon plaintiff the exclusive rights and privileges in and to the copyrights in the Copyrighted Designs.

33. Defendant has infringed on the copyrights in the Copyrighted Designs, by obtaining, advertising, and selling unauthorized copies of same without consent by plaintiff, after being put on notice that the counterfeit accessories were unlicensed and unauthorized copies, the advertising and sale of which were illegal.

34. Defendant has engaged in the conduct described above, and will continue to engage in the conduct described above in willful disregard of plaintiff's rights under 17 U.S.C. §§ 501 et seq.

35. By reason of defendant's actions, plaintiff has suffered, and will continue to suffer, substantial damage to its reputation and goodwill, as well as diversion of trade and loss of revenue in an amount not yet ascertained.

36. Plaintiff is informed and believes, and thereon alleges, that defendant willfully infringed on plaintiff's Copyrighted Designs by knowingly engaging in acts that infringed on plaintiff's copyrights after plaintiff registered and received copyright protection over the Copyrighted Designs. Therefore, under 17 U.S.C. §§ 504, 505, plaintiff is entitled to statutory damages in the amount of up to $150,000 for each work infringed and for its costs and attorneys fees in bringing this action.

37. Defendant's acts have caused plaintiff irreparable injury, and unless restrained and enjoined, will continue to cause irreparable injury. Ascertainment of actual damages which would afford plaintiff adequate relief for such acts would be difficult, such that plaintiff's remedy at law is not adequate to compensate it for injuries inflicted

and threatened by defendant.

## Second Claim for Relief
### (Trade Dress Infringement)

38. Plaintiff hereby incorporates paragraphs 1 through 37 above, each as though fully set forth herein.

39. These symbolic collections, and most notably the Kiss collection, are what Sophia & Chloe, Inc. is most closely associated with by its clients and collectors. Sophia & Chloe, particularly with its Kiss collections, has a distinctive trade dress which is described in paragraph 12 above.

40. Plaintiff's trade dress has acquired secondary meaning. Sophia & Chloe's Kiss collections are recognized by dealers and consumers on-sight as distinctively Sophia & Chloe's.

41. Brighton designed and currently markets and sells Infringing Products that incorporate plaintiff's trade dress.

42. Defendant is not now, and never has been, authorized by plaintiff to use plaintiff's trade dress or any confusingly similar trade dress.

43. Defendant's marketing and sale of copies of Sophia & Chloe's Kiss collections of jewelry is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of defendant's goods.

44. Plaintiff is informed and believes, and thereon alleges, that as a proximate result of the unfair advantage accruing to defendant's business from deceptively trading on plaintiff's advertising, sales, and consumer recognition, defendant has made substantial sales and profits in amounts to be ascertained. Based on the same acts, plaintiff has been damaged and deprived of substantial sales of products in its Kiss collections and has been deprived of the value of its trade dress as a commercial asset, in amounts to be ascertained.

45. Plaintiff is informed and believes, and thereon alleges, that, unless restrained by the Court, defendant will continue to infringe on plaintiff's trade dress, and that

monetary damages will not grant plaintiff adequate relief for the damage to its trade dress.  Further, plaintiff is informed and believes, and thereon alleges, that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source or origin of Brighton's goods.

46. Plaintiff is informed and believes, and thereon alleges, that defendant's acts were committed, and continue to be committed, with actual notice of plaintiff's exclusive rights and with an intent to cause confusion or mistake, or to deceive, and to cause injury to the reputation and goodwill associated with Sophia & Chloe and its products.  Plaintiff is entitled to three times its actual damages or three times defendant's profits, whichever is greater, as well as plaintiff's attorney's fees, and the destruction of all infringing products and promotional materials.

### Third Claim for Relief
### (Unfair Competition Under California Common Law)

47. Plaintiff hereby incorporates paragraphs 1 through 46 above, each as though fully set forth herein.

48. Plaintiff has invested substantial time, skill, and money in developing its Copyrighted Designs and trade dress, and plaintiff's trade dress has acquired a secondary meaning.

49. Defendant has copied plaintiff's trade dress in its products.

50. Plaintiff and defendant are business competitors.

51. Because plaintiff's Kiss collections and defendant's Infringing Products are similar, the public is likely to identify defendant's products as those of plaintiff, or to conclude that Plaintiff has some connection with the production of defendant's products.

52. Defendant's conduct is unfair and unlawful.

53. Defendant's acts have caused plaintiff to lose profits and caused damage to plaintiff's reputation and goodwill.  The amount of damages is currently unknown but will be established according to proof.

54. Plaintiff is informed and believes, and thereon alleges, that as a direct and proximate result of defendant's wrongful conduct, defendant has gained revenue and profits.

55. Plaintiff is informed and believes, and thereon alleges, that defendant has committed the foregoing acts with the intent to deprive plaintiff of its legal rights, with oppression, fraud, and/or malice, and in conscious disregard of plaintiff's rights. Plaintiff is entitled to an award of exemplary damages, according to proof.

### Fourth Claim for Relief
### (Unfair Competition under California Bus. & Prof. Code § 17200 et seq.)

56. Plaintiff hereby incorporates paragraphs 1 through 55 above, each as though fully set forth herein.

57. Defendant's conduct constitutes unfair, unlawful, and fraudulent business practices prohibited by California Business & Professions Code §§ 17200 et seq. and 17500 et seq.

58. Plaintiff is informed and believes, and thereon alleges, that as a direct and proximate result of Defendant's wrongful conduct, defendant has gained revenue and property that properly belongs to plaintiff. Plaintiff seeks restitution of these amounts.

### Prayer for Relief

Based on the allegations above, Plaintiff Sophia & Chloe seeks judgment against Defendant Brighton as follows:

1. An accounting of all profits earned by defendant on the sale of all its Infringing Products.
2. For a constructive trust on all said profits;
3. For a preliminary and permanent injunction restraining defendant from any further manufacture, purchase, advertisement, distribution, or sale of any pieces in its Infringing Products, without the consent of plaintiff;
4. For compensatory damages according to proof;
5. For treble damages;

6. For punitive damages;
7. For statutory damages;
8. For attorneys' fees and costs; and
9. For such other relief as the Court may deem just and proper.

DATED: October 11, 2012                     CHAPIN FITZGERALD LLP

                                            By: /s/ Kenneth M. Fitzgerald
                                                Kenneth M. Fitzgerald, Esq.
                                                Curtis G. Carll, Esq.
                                                Attorneys for Plaintiff
                                                Sophia & Chloe, Inc.

## Jury Demand

Plaintiff Sophie & Chloe, Inc. hereby demands a trial by jury for all issues so triable.

DATED: October 11, 2012

CHAPIN FITZGERALD LLP

By: /s/ Kenneth M. Fitzgerald
Kenneth M. Fitzgerald, Esq.
Curtis G. Carll, Esq.
Attorneys for Plaintiff
Sophia & Chloe, Inc.