13 SEP 13  PM 12: 31

DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

SOPHIA & CHLOE, INC., a California Corporation,

Plaintiff,

vs.

BRIGHTON COLLECTIBLES, INC., a California Corporation,

Defendant.

CASE NO. 12cv2472-AJB(KSC)

**ORDER DETERMINING DISCOVERY DISPUTE**

[Doc. Nos. 31, 32]

Before the Court is the parties' dispute regarding plaintiff's request for forensic examinations of computers used by certain defense representatives. [Doc. Nos. 31, 32] For the reasons outlined in greater detail below, plaintiff's request [Doc. No. 31] is **DENIED without prejudice.**

## I.  BACKGROUND

This case involves a dispute over competing lines of Moroccan-inspired jewelry. [*See* Doc. No. 1, Complaint] The action is brought by jewelry designer Sophia & Chloe against Brighton Collectibles, designer and manufacturer of women's accessories, including jewelry. *Id.* at 2. Plaintiff Sophia & Chloe alleges copyright infringement, trademark infringement, and unfair competition pursuant to the Copyright Act 17 U.S.C. §§ 501, *et seq.*, the Lanham Act 15 U.S.C. § 1125(a), California Business and Professions Code §§ 17200, *et seq.* and § 17500, and California common law principles.

1  principles.  Plaintiff contends that defendant's "Toledo" line of accessories infringes
2  on and unfairly competes with plaintiff's "Kiss" collection.  *Id.*

3        On August 15, 2013, plaintiff filed the Motion presently before the Court. [Doc.
4  No. 31] Plaintiff seeks an Order authorizing it to conduct forensic examinations of the
5  computers used by the two individuals identified by defendant as those responsible for
6  creating and authorizing its Toledo collection.  The stated purpose of the forensic
7  examinations is to ascertain if any internet history or internal communications exist or
8  are otherwise recoverable that relate to the creation of the Toledo line or plaintiff's
9  Kiss  collection.  Plaintiff  argues  that  defendant  has  produced  no  internal
10 communications regarding defendant's Toledo collection. [Doc. No. 31, p. 1] While
11 plaintiff originally suspected that this lack of production was an oversight, after the
12 parties met and conferred, defendant confirmed that it had searched for the sought after
13 communications and found none.  *Id.*  Plaintiff proposed for the individuals identified
14 by defendant who were responsible for the design and approval of the Toledo
15 collection, Brighton CEO Jerry Kohl and Brighton designer Kim Cruser-Scott, each
16 sign a declaration stating that no such communications exist.  When defendant refused,
17 plaintiff proposed forensic examinations of the computers used by Mr. Kohl and Ms.
18 Cruser-Scott.

19       On August 23, 2013, defendant filed its Opposition[1] to plaintiff's Motion to
20

21     [1]  The Chamber Rules of the undersigned Magistrate Judge require parties to engage in
   meaningful meet and confer discussions before bringing disputes to the attention of the Court.
22 Crawford Chamber Rule V.(B).  The parties are expected to comply with this requirement, which is
   also mandated in the Local Rules for the U.S. District Court for the Southern District of California.
23 L.Civ.R.26.1a.  Discovery disputes must be presented to the Court in Joint Motion format.  Crawford
   Chamber Rule V.(D). The Joint Motion obligation is mandated by the rules of this Court and as such
24 the Court will normally refuse to adjudicate discovery disputes where the parties have not submitted
   the dispute in Joint Motion format, with limited exceptions.  *Id.*; L.Civ.R 26.1e. "This Court considers
25 a minimum of 5 business days prior to the anticipated filing date of the joint motion to be a reasonable
   time period for a party to participate meaningfully in the preparation of the joint motion."  Crawford
26 Chamber Rule V.(D)(4).

27 It is unclear why this dispute was not filed as a Joint Motion. [Doc. No. 31-1, Exhs. J, K] Defendant
   argues that the "drafts [of the Joint Motion] were ever changing," that "[Judge Crawford] does not state
28 that 5 business days is the maximum time period that the opposing party should be given," and that,

12cv2472-AJB(KSC)

Compel Forensic Computer Inspection. [Doc. No. 32] Defendant objects to the proposed computer examinations on grounds that the requested relief is based on speculation, seeks information not relevant to this action, and is unreasonably intrusive. Specifically, defendant argues that the lack of internal communication regarding its own Toledo line is not surprising given that "Brighton designers sketch their designs with pencil on paper." [Doc. No. 32, p. 7] As further explained, "[the designers] do not create their designs digitally. They do not routinely email each other or others at Brighton about the creation of their designs." *Id.* Given the age of the internet search histories requested by plaintiff, defendant asserts that the "non-existence of those histories is not all that surprising considering their ephemeral nature." [Doc. No. 32, p. 4] Regarding its refusal to provide declarations on these topics, defendant argues that "(a) there is no such requirement under the Federal Rules, and (b) [plaintiff] had already noticed depositions at which the relevant [defense] representatives would give live testimony under oath on these same subjects anyway." [Doc. No. 32, p. 10] Lastly, defendant claims that plaintiff's request is untimely under both the Chamber Rules of the undersigned Magistrate Judge, as well as the operative Scheduling Order [Doc. No. 30] in this action.

## II. DISCUSSION

The scope of discovery under Rule 26(b) is broad: "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party involved in the pending action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b). However, a court may limit discovery of relevant material if it determines that the discovery sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of responding to the proposed

on August 8, 2013, and filed its *ex parte* Motion on August 15, 2013. [Doc. No. 31-1 at ¶11, Declaration of C. Carll] Based on these facts, it appears plaintiff provided defendant with a reasonable opportunity to participate. In the future, should defendant refuse to participate in the joint filing of disputes absent good cause, defendant risks forfeiting its positions or arguments.

1   discovery outweighs the likely benefit. FED.R.CIV.P. 26(b)(2)(C)(i)-(iii). The party
2   resisting discovery generally bears the burden of showing that the discovery requested
3   is irrelevant to the issues in the case or is overly broad, unduly burdensome,
4   unreasonable, or oppressive. *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686
5   (S.D. Fla. 2010). If the resisting party meets its burden, the burden shifts to the moving
6   party to show the information is relevant and necessary. *Id.*

7           The Court finds that defendant has sufficiently met its burden as the party resisting
8   plaintiff's proposed discovery. Given the legitimate privacy and other interests at issue,
9   absent "specific, concrete evidence of concealment or destruction of evidence," courts
10  are generally cautious about granting a request for a forensic examination of an
11  adversary's computer. *Advante Int'l Corp. v. Mintel Learning Technology*, 2006 WL
12  1806151 at *2 (N.D. Cal. June 29, 2006); *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir.
13  2008). While this Court acknowledges plaintiff's suspicion that it is "implausible" that
14  nobody within defendant's organization sent or received a single e-mail regarding the
15  design or creation of the Toledo collection, "mere skepticism that an opposing party has
16  not produced all relevant information is not sufficient to warrant drastic electronic
17  discovery measures." *John B.*, 531 F.3d at 460 (citing *McCurdy Group, LLC v. Am.
18  Biomedical Group, Inc.*, 9 Fed. Appx. 822, 831 (10th Cir. 2001)). Given plaintiff's
19  ability to explore these topics through other written and oral discovery tools, the burden
20  and expense of forensic examinations at this discovery stage is unwarranted.[2]
21  Accordingly, and absent more specific, concrete evidence of concealment, destruction
22  of evidence, or failure to preserve documents and information, plaintiff is not entitled to
23  access defendant's computers to confirm its suspicions. Should plaintiff obtain
24  additional information through oral and written discovery to support its assertions, the
25  Court will consider a renewed Motion, if supported.

26

27

28
        [2] Through discovery, plaintiff should consider inquiring about Brighton's document retention
    policies, and what steps the company took to preserve documents in this case.

### III.  CONCLUSION

For the reasons stated above, plaintiff's request to compel forensic examinations of the computers used by certain representatives of the defendant [Doc. No. 31] is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Date: September ___/3___, 2013

KAREN S. CRAWFORD
United States Magistrate Judge

12cv2472-AJB(KSC)