UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SOPHIA & CHLOE, INC., a California Corporation, | ) ) ) | Case No. 12cv2472 AJB (KSC) |
| Plaintiff, | ) ) | ORDER: |
| v. | ) ) ) | 1) DENYING BRIGHTON'S MOTION TO FILE UNDER SEAL, [Doc. No. 42]; and |
| BRIGHTON COLLECTIBLES, LLC, a Delaware limited liability company | ) ) ) | 2) DENYING REQUEST FOR LEAVE TO MANUALLY LODGE PHYSICAL EXEMPLARS, [Doc. No. 45]. |
| Defendant. | ) ) | |

The two matters before the Court are (1) Brighton Collectibles, LLC's ("Brighton" or "Defendant") motion to file under seal its motion for summary judgment and attached documents and (2) Brighton's request for leave to manually lodge physical exemplars of the jewelry at issue.  For the following reasons, both motions are DENIED.

I.     **BACKGROUND**

This is a copyright and trade dress infringement action brought by Plaintiff Sophia & Chloe, Inc ("Sophia" or "Plaintiff") against Brighton for alleged infringement of Sophia's copyrighted jewelry designs and trade dress. (Doc. No. 1.)  Sophia alleges that Brighton manufactured, advertised and sold, without their permission, jewelry that used Sophia's copyrighted designs.  (*Id.* at 6-8.)  Sophia brought this action alleging four causes of action: (1) Copyright Infringement; (2) Trade Dress Infringement under 15

12cv2472

1 U.S.C. § 1125(a); (3) Unfair Competition under California Common Law; and (4) Unfair

2 Competition Under California Business & Professions Code §§ 17200 et seq. & 17500 et

3 seq. (*Id.* at 10-14.)

4         On March 28, 2014, Brighton filed a motion for summary judgment, or, in the

5 alternative summary adjudication. (Doc. No. 46.) Brighton now seeks to file under seal,

6 an unredacted version of that Motion as well as an unredacted version of the Declaration

7 of Robert Wunderlich in support of Brighton's Motion. (Doc. No. 45.)  Brighton also

8 requests leave to lodge physical exemplars of the jewelry at issue with the Court. (Doc.

9 No. 45.)

10 **II.     MOTION TO FILE UNDER SEAL**

11 **A.     Legal Standards**

12         Courts have historically recognized a "general right to inspect and copy public

13 records and documents, including judicial records and documents." *Nixon v. Warner*

14 *Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). "Unless a particular court record is

15 one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting

16 point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)

17 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

18 In order to overcome this strong presumption, a party seeking to seal a judicial record

19 must articulate justifications for sealing that outweigh the public policies favoring

20 disclosure. *See id.* at 1178–79. In turn, the court must "conscientiously balance the

21 competing interests" of the public and the party who seeks to keep certain judicial

22 records secret. *Id.* After considering these interests, if the court decides to seal certain

23 judicial records, it must "base its decision on a compelling reason and articulate the

24 factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citing

25 *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

26         A strong presumption of access to judicial records applies fully to dispositve

27 pleadings, including motions for summary judgment and related attachments. Thus, to

28 warrant the Court's grant of the request to seal, Brighton must show "compelling

1  reasons." *Kamakana*, 447 F.3d at 1179.   Relevant factors include the "public interest in

2  understanding the judicial process and whether disclosure of the material could result in

3  improper use . . ." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir.

4  2010)(citations omitted).  In general, "compelling reasons" sufficient to outweigh the

5  public's interest in disclosure and justify sealing court records exist when such "court

6  files might have become a vehicle for improper purposes," such as the use of records to

7  gratify private spite, promote public scandal, circulate libelous statements, or release

8  trade secrets. *Id.*

9  **B.    Discussion**

10        In its motion to file under seal, Brighton provides barely any details for the Court

11  to make an informed and reasoned analysis in accordance with Ninth Circuit standards.

12  Brighton seeks to seal portions of its motion for summary judgment that references: (1)

13  Sophia's total annual sales revenue from 2007-2013; (2) the quantity of sales of Sophia's

14  jewelry at issue; and (3) Sophia's advertising expenditures.  Additionally, the Declara-

15  tion of Robert Wunderlich discloses details that have been stipulated by the Parties as

16  "Confidential" or "attorney's eyes only."  Brighton also notes that Sophia's counsel also

17  request this information to be filed under seal.

18        However, with such sparse information, the Court is unable to "conscientiously

19  balance the competing interests of the public and the parties who seeks to keep certain

20  judicial records secret," let alone base its decision on a compelling reason and articulate

21  the factual basis for its ruling.  *Kamakana*, 447 F.3d at 1178–79.  Though the Parties

22  themselves may have stipulated to the confidential nature of this information, the

23  "compelling reasons" standard is invoked even if the motion, or its attachments, were

24  previously filed under seal or protective order. *Id.* at 1179.

25        Accordingly, Brighton has failed to meet its burden to justify sealing the informat-

26  ion listed.  The Court DENIES the motion to file under seal without prejudice.  Brighton

27  may refile its motion to seal, articulating details that will allow the Court to make a

28  reasoned decision grounded on a factual basis.  Further, as the information sought to be

1    sealed appears to be solely related to Sophia's business and proprietary interests, the

2    Court recommends the Parties file a Joint Motion to Seal so that Sophia may put forth its

3    reasons to seal the "confidential" information.

4    **II.    REQUEST TO LODGE PHYSICAL EXEMPLARS**

5            Brighton asks for leave to manually lodge with the Court physical exemplars of

6    the jewelry at issue in this case.  The Court is aware that photographs alone are inade-

7    quate for a full and fair evaluation of Brighton's Motion and the Court understands the

8    need for a physical examination of the actual jewelry itself given that this is a copyright

9    and trade dress infringement action.

10           However, the Court is unable to grant Brighton's request.  Practically speaking,

11   the Court simply does not have the capability to store a party's physical evidence.

12   Though the exemplars may be small, the Court does not have a secure space that will

13   safely store the jewelry for period of time requested by Brighton.  As stated above, the

14   Court is mindful of Brighton's concern that mere photographic representations will not

15   adequately convey the best evidence for the issues on summary judgment.  The Court

16   finds the best solution is to allow Brighton to bring the jewelry and present it to the

17   Court at the time of the hearing for this matter, currently scheduled for June 26, 2014.

18   The Court will make a detailed examination of the physical exemplars then.

19   **III.   CONCLUSION**

20           For the foregoing reason Brighton's Motion to File Under Seal and Request to

21   Lodge Physical Exemplars are DENIED.

22           The Clerk of Court is instructed to maintain the currently sealed lodged proposed

23   documents under seal. (Doc. Nos. 43, 44).  The Parties must refile a Motion to File

24   Under Seal, addressing the deficiencies noted herein, on or before April 18, 2014.  If the

25   Parties fail to do so, or fail to meet their burden of showing compelling reasons to

26   //

27   //

28   //

12cv2472

1  warrant sealing, the Court will order the sealed lodged documents unsealed.

2  IT IS SO ORDERED.

3

4  DATED:  April 8, 2014

5

6  Hon. Anthony J. Battaglia
   U.S. District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cv2472