UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA & CHLOE, INC., a California Corporation,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>BRIGHTON COLLECTIBLES, LLC, a Delaware limited liability company<br><br>　　　　　　　Defendant. | Case No. 12cv2472 AJB (KSC)<br><br>ORDER:<br><br>(1) GRANTING PLAINTIFF'S MOTION TO SEAL, (Doc. No. 52); and<br><br>(2) SEALING DOCUMENTS LODGED WITH THE COURT, (Doc. Nos. 43, 44). |

On April 8, 2014, the Court issued an order denying Defendant Brighton Collectibles, LLC's motion to file under seal its motion for summary judgment and attached documents. The Court found that Brighton did not offer any justifications that met the "compelling reasons" standard, under Ninth Circuit case law, that would warrant the sealing of its judicial records and documents. (Doc. No. 51.) The Court granted the Parties additional time to file a motion that would provide the Court with enough facts so that it may "base its decision on a compelling reason and articulate the factual basis for its ruling." *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir 2006).

1    Come now before the Court is Plaintiff Sophia & Chloe, Inc's motion to seal.[1]
2 (Doc. No. 52.)  Plaintiff contends that the unredacted motion for summary judgment and
3 related documents should be sealed as they contains financial information that if
4 disclosed, would irreparable harm the company.  Plaintiff explains that Sophia & Chloe,
5 Inc. "is a small player in the costume jewelry market.  It is privately held, and its
6 revenues and other financial information are kept confidential."  The financial informa-
7 tion includes details on revenue and expenditures that may be subject to improper use by
8 competitors.  Thus, Plaintiff asks the Court to seal Sophie & Chloe's financial informat-
9 ion.

10    Accordingly the Court is satisfied that Plaintiff has made the proper showing
11 under the compelling reasons standard to warrant sealing.  Where the parties show that
12 the documents contain sources of business information that might harm its competitive
13 standing, the need for public access to the records is lessened.  *Nixon v. Warner*
14 *Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Plaintiff has demonstrated that disclosure of
15 its financial information may put the information at risk for improper use by competitors.
16 Moreover, the information sought to be sealed would not promote "public interest in
17 understanding the judicial process. . . ." *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d
18 665, 659 (9th Cir. 2010)

19    As such, the Court GRANTS the motion to seal.  The Clerk of Court is instructed
20 to filed under seal the current sealed lodged proposed documents (Doc. Nos. 43, 44).
21 For future filings, the Parties are advised to use a redaction software to ensure complete
22 confidentiality.
23 //
24 //
25 //
26
27
28    [1] The Court's previous Order denying sealing sets forth the background and legal standards governing motions to seal. (*See* Doc. No. 51.)

1  IT IS SO ORDERED.

3  DATED: April 21, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge