UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA & CHLOE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHTON COLLECTIBLES, INC., a California Corporation,<br><br>Defendant. | Case No.: 12-CV-2472-AJB-KSC<br><br>**ORDER DENYING BRIGHTON COLLECTIBLES, INC.'S MOTION FOR RECONSIDERATION**<br><br>(Doc. No. 222) |

Presently before the Court is Defendant Brighton Collectibles, Inc.'s ("Defendant") motion for reconsideration, (Doc. No. 222), of the Court's remittitur, which permitted Plaintiff to elect wrongful profits[1] after the Court concluded the jury's award of statutory damages was excessive, (Doc. No. 218 at 11–17). Plaintiff opposes the motion. (Doc. No. 228.) The Court finds the matter suitable for decision on the papers, without oral argument, pursuant to Local Civil Rule 7.1.d.1. For the reasons set forth below, the Court **DENIES** Defendant's motion.

---

[1] This order refers to both "wrongful profits" and "actual damages." These concepts are interchangeable.

1

## BACKGROUND

This dispute arose from Defendant's willful infringement of Plaintiff's jewelry.[2] Beginning November 10, 2015, the Court presided over a four-day jury trial on Plaintiff's copyright infringement claim. (Doc. No. 148.) On November 18, 2015, the jury returned a special verdict. (Doc. Nos. 156, 161.) Out of six of Defendant's designs, the jury found one design, the Toledo Statement Earrings, infringed two of Plaintiff's thirteen copyrights protecting two versions of the Buddha's Kiss Earrings. (Doc. No. 161.) The jury found Defendant's infringement was willful. (*Id.* at 7.) The jury awarded Plaintiff $176,890 in Defendant's wrongful profits and $203,571 in statutory damages. (*Id.* at 7.) Plaintiff elected to receive statutory damages, and the Court entered judgment. (Doc. No. 162.)

Amongst a slew of post-trial motions, Defendant moved for judgment as a matter of law, or, alternatively, a new trial. (Doc. No. 175.) As relevant to its instant motion, Defendant argued that the jury's statutory damages award was excessive because only one work had been infringed, notwithstanding the two copyrights. (*Id.* at 24–25.) In its order ruling on the post-trial motions, the Court agreed with Defendant that only one of Plaintiff's works was infringed and that the statutory damages award was thus excessive. (Doc. No. 218 at 15–16.) In light of that finding, the Court gave Plaintiff a choice: accept a remittitur to the jury's award of wrongful profits in the amount of $176,890 or retry its damages case. (*Id.* at 16–17.) Plaintiff opted for the former. (Doc. No. 220.) Following this election, the judgment was amended on April 6, 2016, to reflect judgment in favor of Plaintiff in the amout of $176,890. (Doc. No. 221.)

On May 4, 2016, Defendant filed the instant motion, seeking reconsideration of Plaintiff's reelection of wrongful profits and to amend the judgment. (Doc. No. 222.) Plaintiff filed an opposition, (Doc. No. 228), and Defendant replied, (Doc. No. 229). The

---

[2] The Court has summarized this case's background in prior orders. (*See* Doc. Nos. 86, 218.) The Court assumes familiarity with those orders and accordingly will recite here only those facts necessary to understand the case's posture with respect to the instant motion.

Court took the matter under submission on July 28, 2016. (Doc. No. 232.) This order follows.

## LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure[3] provides that, after entry of judgment, a court may alter or amend the judgment.[4] "[T]he district court enjoys considerable discretion in granting or denying [a Rule 59(e)] motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). However, because "the rule offers an extraordinary remedy, [it should] be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and internal quotation marks omitted). As such, a Rule 59(e) motion generally should not be granted absent highly unusual circumstances, *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999), such as an intervening change in controlling law, the availability of newly discovered or previously unavailable evidence, or the need to correct a clear error or prevent a manifest injustice, *Allstate Ins. Co.*, 634 F.3d at 1111; *see also McDowell*, 197 F.3d at 1255 n.4 (finding no abuse of discretion "merely because the underlying order is erroneous, rather than clearly erroneous").

## DISCUSSION

The parties' respective positions are straightforward. Defendant argues that permitting Plaintiff to change its election from statutory damages to wrongful profits was

---

[3] All subsequent references to "Rules" are to the Federal Rules of Civil Procedure.

[4] Under Rule 59(e), a motion to alter or amend a judgment must be brought no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). A motion for reconsideration brought within this time period is construed as a Rule 59(e) motion regardless of the label affixed to it by the moving party. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). A motion for reconsideration brought after the expiration of 28 days is construed as a motion under Rule 60(b). *See id.* In this case, the amended judgment was entered on April 6, 2016. (Doc. No. 221.) Defendant filed the instant motion on May 4, 2016. (Doc. No. 222.) Because the motion was filed 28 days after entry of judgment, it is properly analyzed under Rule 59(e).

clearly erroneous because once an election has been made, the plaintiff cannot reelect.[5] (Doc. No. 222 at 8–10.) As such, Defendant concludes the award of $176,890 is excessive given the Court's finding that only one work was infringed, (*see* Doc. No. 218 at 15–16), and that 17 U.S.C. § 504(c)(2) limits statutory damages to $150,000 per work infringed, (Doc. No. 222 at 10–13). Plaintiff counters that no grounds for reconsideration are present to justify disturbing the Court's decision. (Doc. No. 228 at 3–4.) Plaintiff further argues that even when considering the merits of Defendant's position, the reelection occurred prior to entry of final judgment and was thus proper under § 504(c)(2).[6] (*Id.* at 5–6.)

Having reviewed the parties' arguments in light of the unique circumstances of this case, the Court concludes that the extraordinary remedy of granting reconsideration is not warranted. Defendant first relies on the plain language of the Copyright Act as supporting

---

[5] The Court notes that Defendant's position shifts slightly between its motion and reply. Defendant originally cabins its position to arguing that a plaintiff who has elected the form of damages it seeks prior to entry of judgment may not change that election following entry of judgment. (Doc. No. 222 at 9–10.) Such an argument would necessarily turn on whether the judgment entered November 20, 2015, (Doc. No. 162), constitutes a "final judgment" if it is attacked by a party's post-trial motions. In its reply, Defendant changes course and argues that once a plaintiff has made an election, it may not reelect at *any* time, whether reelection occurs pre- or post-entry of judgment. (Doc. No. 229 at 4.) Because Defendant's latter argument is more robust and necessarily encompasses its former position, the Court will address only the merits of the latter.

[6] Plaintiff also argues that Defendant's motion is procedurally improper because it is untimely under Local Civil Rule 7.1(i)(2) and is not accompanied by an affidavit as required by Local Civil Rule 7.1(i)(1). (Doc. No. 228 at 3–4.) The Court finds neither argument persuasive. Rule 7.1(i)(2) expressly exempts from its time limit motions, such as Defendant's, brought under Rules 59 and 60. While it is true Defendant's motion is not accompanied by an affidavit as required by Rule 7.1(i)(1), it should be clear to Plaintiff, as it is to the Court, what ruling Defendant seeks reconsideration of, as well as the circumstances surrounding that ruling and Defendant's motion. As such, the Court finds the failure to include the affidavit is not a sufficient ground to summarily deny the instant motion. Similarly unpersuasive is Plaintiff's contention that Defendant waived any right to challenge the remittitur based on defense counsel's comment at the hearing that he was "not aware of any authority one way or the other" on the issue of remitting to the jury's award of wrongful profits. (*Id.* at 5; *see* Doc. No. 219 at 21.)

its interpretation. 17 U.S.C. § 504(c)(1) permits the copyright owner to "elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages . . . ." Defendant reads this section as unequivocally providing that a copyright owner may not reelect the form of damages once an election has been made. (*See* Doc. No. 222 at 10; Doc. No. 229 at 7.) However, nothing on the statute's face suggests a reelection may never occur under any circumstances.

Defendant further relies on two out-of-circuit decisions to support its position. In *Twin Peaks Productions, Inc. v. Publications International, Ltd.*, the district court, following an evidentiary hearing on the issue of damages, awarded the plaintiff ("TPP") $120,000 in statutory damages or $125,000 in actual damages. 996 F.2d 1366, 1371 (2d Cir. 1993). TPP exercised its right to elect statutory damages against the defendant ("PIL"), presumably because TPP determined it was the award most likely to withstand appellate review. *Id.* at 1380. On appeal, the parties disputed issues relating to both statutory and actual damages; however, the Second Circuit found any issues relating to actual damages mooted by TPP's election of statutory damages. *Id.* at 1380, 1382. The Second Circuit noted,

> We do not think the election [between statutory and actual damages] continues into the appellate stage. Once a plaintiff has elected statutory damages, it has given up the right to seek actual damages and may not renew that right on appeal by cross-appealing to seek an increase in the actual damages.

*Id.* at 1380. Relying on *Twin Peaks*, the Eleventh Circuit held similarly in *Jordan v. Time, Inc.* There, the jury awarded the plaintiff ("Jordan") actual damages. 111 F.3d 102, 104 (11th Cir. 1997). Apparently unsatisfied with that award, Jordan timely elected—after the jury verdict but before final entry of judgment—to recover statutory damages. *Id.* On appeal, Jordan sought to challenge certain instructions given by the trial court to the jury that related to actual damages. *Id.* Relying on *Twin Peaks*, the Eleventh Circuit held that Jordan's challenge to the jury instruction was mooted by his election of statutory damages:

> A plaintiff is precluded from electing statutory damages and then appealing the award of actual damages; plaintiff does not get two bites of the apple. The

    language of the statute is clear and precise: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action...." 17 U.S.C. § 504(c). Under this option, a plaintiff may proceed as Jordan did, but once a timely election is made to receive statutory damages all questions regarding actual and other damages are rendered moot.

*Id.*

    Plaintiff would have the Court read *Twin Peaks* and *Jordan* narrowly as simply holding that a plaintiff may not litigate issues on appeal related to the form of damages not elected at the trial level. (Doc. No. 228 at 6–7.) Meanwhile, Defendant would have the Court read these decisions broadly to foreclose reelection at any time following a plaintiff's election. (Doc. No. 229 at 5–7.) While the Court does not necessarily agree with Plaintiff's position that *Twin Peaks* and *Jordan* should be cabined to circumstances where a plaintiff seeks to reelect damages at the appellate level, the Court disagrees with Defendant's position that a plaintiff may never, under any circumstances, reelect between statutory damages and wrongful profits. Instead, the Court finds the correct interpretation lies somewhere in between.

    The Court acknowledges that there is support for Defendant's position. *See, e.g.*, *Marano v. Aaboe*, No. 05 Civ. 9375 (BSJ)(RLE), 2010 WL 6350785, at *3–4 (S.D.N.Y. Oct. 20, 2010) (recommending that plaintiff's application for actual damages be denied in light of his prior election of statutory damages because allowing otherwise would prejudice defendants); *Homkow v. Musika Records, Inc.*, No. 04 Civ. 3587(KMW)(THK), 2008 WL 508597, at *3–4 (S.D.N.Y. Feb. 26, 2008) (holding plaintiff could not seek actual damages because he elected statutory damages as early as his amended complaint); *Getaped.Com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 406 (S.D.N.Y. 2002) ("[I]n its Proposed Findings of Fact and Conclusions of Law submitted after the damages proceeding, Getaped elected recovery of statutory damages. This election is binding on Getaped for the damages inquest

and all future proceedings.")[7]; *Latin Am. Music Co. v. Spanish Broadcast. Sys., Inc.*, 866 F. Supp. 780, 782 (S.D.N.Y. 1994) ("although the election [between actual and statutory damages] may be made at any time before final judgment is rendered, once a plaintiff elects statutory damages he may no longer seek actual damages").[8]

However, that courts in other circuits are in agreement over this issue does not render this Court's decision clearly erroneous.[9] It goes without saying that none of these decisions are binding on the district courts of the Ninth Circuit. *See In re Clorox Consumer Litig.*, No. 12-00280 SC, 2013 WL 3967334, at *10 (N.D. Cal. July 31, 2013) ("the Eleventh Circuit decisions cited by Clorox . . . are not binding here since this Court sits in the Ninth Circuit"); *In re Etherton*, 88 F. Supp. 874, 876 (S.D. Cal. 1950) (noting "the obvious principle that a decision by even so highly respected a court as the Court of Appeals for the Second Circuit is not binding on us").

Furthermore, these decisions are of little persuasive value. The appellate decisions themselves speak only in terms of prohibiting reelection following entry of final judgment, notably in the context of reelection or relitigation on appeal. *Jordan*, 111 F.3d at 104; *Twin Peaks*, 996 F.2d at 1380. The extension of this doctrine by the lower courts does not require a contrary reading. *Latin American Music Co.*, the oldest of the above-cited district court

---

[7] *Getaped* lends only trivial support to Defendant's position. The court in *Getaped* attributed to *Twin Peaks* a quotation that appears nowhere in the appellate decision but rather derives from *Latin American Music Co.* The court went on to predicate its entire, cursory analysis on that misquotation.

[8] There is also some support for Plaintiff's. The magistrate judge in *Marano v. Aaboe* noted that under *Twin Peaks* and *Jordan,* "[i]t is well-settled that copyright holders are precluded from changing their election of statutory damages on appeal following a final judgment." 2010 WL 6350785, at *3. However, this support is only lukewarm because the magistrate judge went on to note that the "prohibition against changing from an election of statutory damages is not limited [] to cases in which there has been a final judgment on appeal," relying on the other district court decisions from the Southern District of New York cited herein as support for this proposition. *Id.*

[9] It should come as no surprise that district courts in the Second Circuit are in agreement given that the Second Circuit has already, to an extent, addressed the issue in *Twin Peaks*.

decisions, and the one upon which the three other district court decisions rely,[10] was decided in the context of the defendant's motion to strike the plaintiff's jury demand. 866 F. Supp. at 781. Although discovery had closed nearly three years prior to the order, the plaintiff had proffered no evidence of actual damages "and the case [was] supposed to be ready for trial." *Id.* at 783. As such, the court determined that the plaintiff "elected, by default, to seek statutory damages . . . ." *Id.* at 782. Under these circumstances, there was no occasion for the court to proclaim, as it did, that "once a plaintiff elects statutory damages he may no longer seek actual damages." *Id.*[11]

*Marano*, *Homkow*, and *Getaped* are similarly unpersuasive. All three decisions were rendered in the context of default judgments where the defendants appeared only to litigate the issue of damages. In *Getaped*, following entry of default against the defendants, the magistrate judge took proofs from Getaped on the issue of damages and heard objections from the defendants. 188 F. Supp. 2d at 400. The magistrate judge found Getaped was entitled to $1050 in actual damages. *Id.* On review, the district court found this to be erroneous. *Id.* The district court determined Getaped was entitled to $30,000 in statutory damages. *Id.* Following its discussion of actual and statutory damages, the district court noted that while "Getaped originally sought actual damages or, in the alternative, statutory damages," it later elected, after the damages proceedings, to recover statutory damages. *Id.* at 406. The district court noted that "[t]his election is binding on Getaped for the damages inquest and all future proceedings." *Id.* However, it is not clear from the opinion whether

---

[10] Neither *Homkow* nor *Getaped* explicitly cite *Latin American Music Co.* However, as noted previously, *Getaped* attributes to *Twin Peaks* a quote that is actually derived from *Latin American Music Co. See supra* note 6. *Homkow* then quotes *Getaped*'s misquotation.

[11] The Court notes that the Ninth Circuit's notation in *Los Angeles News Service v. Reuters Television International, Ltd.* suggests that it would disagree with *Latin American Music Co.* In a footnote, the Ninth Circuit stated that the plaintiff was not precluded from appealing the district court's ruling regarding actual damages because it never had the opportunity to elect between statutory and actual damages in light of the district court finding it failed "to meet its burden of proving [actual] damages, so, at most it is entitled to statutory damages." 149 F.3d 987, 995, n.8 (9th Cir. 1998).

this election was made was prior to or after the magistrate judge's recommendation. However, it is reasonable to infer that Getaped made its election following the magistrate judge's recommendation that Getaped be awarded actual damages.[12] At any rate, the opinion makes no mention of the parties placing Getaped's election at issue, so it is curious why the district court found the need to comment on the binding nature of Getaped's election at all.

In *Homkow*, the district court concluded Homkow could not recover actual damages based on his earlier decision to pursue statutory damages. 2008 WL 508597, at *3–4. After entry of default against the defendants, the distrct court referred the issue of damages to the magistrate judge, who ordered Homkow to submit proposed findings regarding the damages being sought. *Id.* at *1. In response, Homkow indicated he sought statutory damages for his copyright infringement claim, which echoed the request for relief contained in the complaint. *Id.* at *4. On the basis of these requests, and in light of the Second Circuit's conclusion that a plaintiff may not reelect damages and Rule 54(c)'s requirement that a default judgment must not differ in kind from the damages demanded in the pleadings, the district court concluded Homkow could not recover actual damages. *Id.* at *3–4.

Most recently, in *Marano*, discovery was conducted on the issue of damages, at the end of which Marano elected to receive statutory damages. 2010 WL 6350785 at *2. In response, the defendants argued Marano was not entitled to statutory damages because he failed to register the copyrighted image at issue within three months of its first publication. *Id.* Marano replied by conceding this point and seeking to reelect actual damages. *Id.* The magistrate judge recommended that Marano's request be denied. *Id.* at *4. The magistrate

---

[12] While the opinion does not explicitly state the magistrate judge's recommendation was for actual damages, the district court does note that the magistrate judge recommended statutory damages be denied and Getaped instead receive 3% of the full cost of creating its website, which was estimated at $35,000, or $1050 total. *Getaped*, 188 F. Supp. 2d at 401, 405–06.

judge found that to do otherwise would prejudice the defendants, who would have been "forced to submit a new brief responding to this claim, without the benefit of discovery." *Id.*

As the foregoing discussion highlights, the district courts that have extended the doctrine enunciated in *Twin Peaks* and *Jordan* to prohibit plaintiffs from ever reelecting damages are of little persuasive value. Either the court had no occasion to comment on the issue of reelection (*Latin American Music* and *Getaped*), the circumstances under which reelection arose necessitated denying the plaintiff's request because holding otherwise would prejudice the defendants (*Marano*), or there was an alternative vehicle for requiring the plaintiff to adhere to its election (*Homkow*).

This case stands in stark contrast to those discussed above. It was not until after the case was litigated through trial and the jury awarded Plaintiff both wrongful profits and statutory damages that Plaintiff made its election. Plaintiff, presumably on the basis of electing the higher damages award, elected statutory damages. However, unbeknownst to Plaintiff, that award was predicated upon the jury's incorrect conclusion that two of Plaintiff's works were infringed and was thus excessive under 17 U.S.C. § 504(c)(2). Under these circumstances, and in the interest of justice, the Court allowed Plaintiff to elect the only legally established damages amount found by the jury in lieu of relitigating its damages case. Based on the law that controls in this circuit, this decision was not clear error. Accordingly, Defendant's motion for reconsideration is **DENIED**.

## CONCLUSION

To be clear, the Court does not hold that a plaintiff may infinitely reelect damages with impunity. Such a holding would prejudice defendants, as the court in *Marano* found. Rather, the Court simply holds that where, as here, a plaintiff has elected damages based upon a jury award that is later deemed legally erroneous, the plaintiff is entitled to reelect the alternate award. To hold otherwise would work an inequity against plaintiffs while permitting defendants a second opportunity to defend against the only remaining damages option. That would be an unjust result indeed. For all these reasons, the Court **DENIES**

1  Defendant Brighton Collectibles, Inc.'s motion for reconsideration under Rule 59(e) of the
2  Federal Rules of Civil Procedure. (Doc. No. 222.)
3
4  **IT IS SO ORDERED.**
5
6  Dated:  August 1, 2016
7                                                       Hon. Anthony J. Battaglia
8                                                       United States District Judge